UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY HERBERT,<br><br>                Plaintiff,<br>     v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>                Defendant. | CASE NO. C17-1032JLR<br><br>ORDER DISMISSING ACTION UNDER 28 U.S.C. § 1915(E)(2)(B) |

## I. INTRODUCTION

Before the court is *pro se* Plaintiff Anthony Herbert's complaint. (Compl. (Dkt. # 8).) Mr. Herbert requested and was granted *in forma pauperis* status to file suit. (IFP Mot. (Dkt. # 1); IFP Order (Dkt. # 7).) If a plaintiff proceeds *in forma pauperis*, the court must dismiss the complaint if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). As discussed below,

Mr. Herbert's complaint falls within the category of pleadings that the court must dismiss.

## II. BACKGROUND

In his complaint, Mr. Herbert sues the "Federal Bureau of Investigations" [sic] ("FBI"). (Compl. at 1.) Although Mr. Herbert's complaint is difficult to understand, he alleges that the FBI "failed to protect [him] by kicking [him] out of their office with aggressive behavior, hanging up on [him] when [he] called to speak to a duty officer[,] and telling [him] that duty officers [do not] talk to people on the phone." (*Id.*) He complains that an FBI agent told him to report the alleged hacking of his computer and credit cards to the local police, but the local police failed to help him as well. (*Id.* at 1-2.)

Mr. Herbert also alleges a litany of experiences that he claims have injured and from which the FBI has failed to protect him. (*See id.* at 2.) He asserts that his car has been damaged and broken into, although he does say by whom. (*Id.*) He further avers that his "lips have been burned with acid" and that he was sexually assaulted while he was a mental health patient at Harborview Medical Center in Seattle, Washington, and also while he was a patient at Valley Medical Center in Renton, Washington. (*Id.*) He further alleges that he has "received a ticket of some sort by almost every local police agency twice." (*Id.*) He also alleges that he called 911 from his hotel on Highway 99 and waited 20 minutes for the ambulance to arrive and was later arrested for telephone harassment and had his iPhone 7 seized as evidence. (*Id.*) He asserts that the FBI's failure to protect him from these events, as well as from public harassment and at least three assaults, amounts to an "assassination attempt." (*Id.*)

As a remedy, Mr. Herbert seeks an injunction "[r]estraining the FBI from stalking, harassing, intimidating, threatening[,] or sabotaging [him] or his cars." (*Id.*) He also seeks $1,000,000,000.00 in damages. (*Id.*)

### III. ANALYSIS

Because Mr. Herbert is proceeding *in forma pauperis*, the court must dismiss his case if the court determines that his action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Because Mr. Herbert is a *pro se* plaintiff, the court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Mr. Herbert does not indicate the law under which he brings his claims. (*See generally* Compl.) However, under a liberal construction, Mr. Herbert appears to be attempting to bring an action for the deprivation of federal or constitutional rights, which is known as a "*Bivens*" action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

A *Bivens* action cannot be maintained against the FBI, because the purpose of *Bivens* is to deter federal officers—not federal agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-85 (1994) ("If we were to imply a damages action directly against federal agencies, thereby permitting claimants to bypass qualified immunity, there would be no reason for aggrieved parties to bring damages actions against individual officers . . . [and] the deterrent effects of the *Bivens* remedy would be lost."). Consequently, Mr. Herbert cannot sue the FBI under *Bivens*. *See Murphy v. Gordwin*, No. 06-16924, 2007 WL 4570579, at *1 (9th Cir. Dec. 28, 2007) (affirming the dismissal of a *Bivens* claim against

the FBI); *Smith v. F.B.I.*, No. 01-1384, 2001 WL 1450814, at *1 (6th Cir. Nov.6, 2001) (same).

Moreover, the United States has not waived its sovereign immunity from suit in actions seeking monetary damages for constitutional violations. *See Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1207 (9th Cir. 1988) ("[T]he United States has not waived its sovereign immunity in actions seeking damages for constitutional violations"); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (declining to recognize a direct action for damages against federal agencies). Thus, Mr. Herbert's claim for damages is also subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Finally, the court must dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). In addition, a finding of frivolousness under 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate if the facts alleged "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Mr. Herbert's complaint meets the criteria for dismissal under either § 1915(e)(2)(B)(i) or § 1915(e)(2)(B)(ii). Although the court does not doubt that Mr. Herbert's beliefs are sincere, his allegations rise to the level of the wholly incredible. Accordingly, the court dismisses his complaint on this ground as well.

The court must give a *pro se* litigant leave to amend his or her complaint to state a claim unless it is absolutely clear that amendment cannot cure the complaint's deficiencies. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (noting

leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Because Mr. Herbert has not pleaded a cognizable legal theory and it appears that he cannot cure the defects in his complaint by alleging additional facts, the court dismisses his action without leave to amend. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (ruling that denial of leave to amend is not an abuse of discretion where further amendment would be futile).

## IV. CONCLUSION

Based on the foregoing analysis, the court DISMISSES Mr. Herbert's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated this 17th day of August, 2017.

JAMES L. ROBART
United States District Judge